

FILED
IN OPEN COURT

SEP 10 2019

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> MARK E. TOLSON, <br><br> *Defendant.* | No. 1:19-CR-269 <br><br> The Honorable Leonie M. Brinkema |

## STATEMENT OF FACTS

The United States and Defendant, MARK E. TOLSON, agree that the following facts are true and correct, and that had this matter proceeded to trial, the United States would have proven beyond a reasonable doubt with admissible and credible evidence that the Defendant, on or about October 31, 2018, in the Eastern District of Virginia, did intentionally access without authorization the email account of J.B.—to wit, a communications facility directly related to and operated in conjunction with a computer used in and affecting interstate and foreign commerce and communication—and thereby obtained information from that computer, all in violation of 18 U.S.C. § 1030(a)(2)(C).

The United States and the defendant further agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. In and around October 2018, the defendant was employed by the Federal Bureau of Investigation as a management and program analyst. He is married to Sarah Gilbert Fox, and, in and around October 2018, resided in Arlington, Virginia, which is within the Eastern District of Virginia.

2. From around October 2017 to early summer 2018, Fox worked for an individual who lives near the defendant and Fox and is identified herein as J.B. Fox's job duties included, among other things, accessing J.B.'s web-based email account hosted by Google (hereinafter, "the Account"), and, as a result, J.B. provided Fox with his login credentials for the Account. As late as November 2, 2018, Fox has claimed that J.B. owed her money for the work she performed.

3. Sometime on or before October 30, 2018, the defendant learned that J.B. had scheduled a press conference for November 1, 2018, for purposes of releasing information that allegedly would discredit a particular government official and, by extension, an investigation that the government official was conducting.

4. On October 30, 2018, while at their residence in Arlington, Virginia, the defendant asked Fox to attempt to log into the Account to see if she still had access. Fox thereafter successfully logged into the Account from her laptop. The defendant then told Fox to log out, and she did.

5. The next day, on October 31, 2018, the defendant from his residence in Arlington, Virginia, attempted to log into the Account through the Tor Network, a computer network designed specifically to facilitate anonymous Internet browsing. The defendant, however, was unable to login. Fox then accessed the Account from her laptop and the defendant simultaneously logged into the Account from his desktop. The pair then spent 15 to 20 minutes conducting searches within the Account, reviewing emails within the Account, printing out emails of interest, and photographing and screenshotting emails of interest. After a popup message appeared asking whether the defendant and Fox were permitted in the Account, they

both signed out. Shortly thereafter, the defendant tried to log back into the Account but was denied access.

6. Fox then used an encrypted messaging application to contact a reporter for purposes of sharing the information that was obtained. The defendant subsequently used his personal email to provide the reporter with screenshots of emails, and offered to provide the reporter with the password for the Account. The reporter, however, declined to accept the password.

7. On November 1, 2018, the defendant sent an email to an FBI official requesting an in-person meeting regarding an "urgent" matter. The defendant met with this official later that day and provided a sealed envelope. The defendant advised that the contents of the envelope may be "illegal" and concerned a press conference that J.B. had scheduled for later that day. The defendant admitted that Fox and he had accessed the Account and retrieved the material contained in the envelope. He also admitted that, after logging into the Account, Fox and he realized that they were possibly doing something wrong and thereafter logged out.

## CONCLUSION

8. This Statement of Facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

9. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

Date: September 10, 2019   By: *[signature]*
Alexander P. Berrang
Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, MARK E. TOLSON, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
MARK E. TOLSON

I am Edward B. MacMahon, Jr., the defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Edward B. MacMahon, Jr., Esq.
Counsel for the Defendant