IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:19CR-269 (LMB) |
| MARK E. TOLSON, | ) | |
| | ) | |
| Defendant. | ) | |

**MARK E. TOLSON'S**
**MEMORANDUM IN AID OF SENTENCING**

**1.     Introduction**

On December 20, 2019, Mark E. Tolson, a 60-year-old former FBI employee with no prior criminal record, will appear before this Court to be sentenced, on his plea of guilty, to one misdemeanor charge of computer fraud and abuse in violation of Title 18, U.S. Code § 1030(a)(2)(C).  The maximum penalties for this offense are a maximum term of 1 year of imprisonment, a fine of $100,000, full restitution, forfeiture of assets, a special assessment pursuant to 18 U.S.C. § 3013, and a supervised release term of a maximum of 1 year.

The issue for the Court to resolve at sentencing is what sentence is "sufficient, but not greater than necessary" to comply with the purposes of federal sentencing as set forth in 18 U.S.C. § 3553 (a).    The answer to that question, it is respectfully submitted, is that a sentence of no active incarceration is appropriate in this case.    Mr. Tolson is, as described in detail below and in the Report of Presentence Investigation (PSR, D.E. 11), an otherwise law abiding family man with a long history of service to the Government, with no criminal history, who has accepted full responsibility for his actions which, in his mind, were undertaken in part to protect the FBI. Mr. Tolson essentially turned himself in for the conduct at issue here and agreed to plead guilty before

any charges were filed. As such, there is no legal reason for Mr. Tolson to be sentenced to a term of active incarceration as the Court can fashion a probationary sentence that will vindicate society's interest in this case and deter others from the type of conduct at issue in this case.

### 2. Guidelines

The Probation Office has calculated Mr. Tolson's Guideline's Total Offense Level at 6 with a criminal history category of 1. This calculation was made after recognizing that Mr. Tolson had accepted responsibility for his actions. As such, the guidelines call for a sentence range of between 0 to 6 months. A probationary sentence is thus within the applicable guidelines range.

The guidelines being advisory, the Court, is allowed to render any sentence - up to the maximum jail time or as little as no jail time - that it believes adequately addresses the purposes of federal sentencing law under 18 U.S.C. § 3553(a). Legally, of course, the sentencing guidelines range is only truly advisory. In Gall v. United States, 552 U.S. 38 (2007), the Supreme Court rejected the Government's argument that sentences outside of the advisory guidelines range should be subjected to exacting scrutiny on appeal, because, in part, the guidelines are only one of the factors that the Court should consider when imposing a sentence. As the Court explained, the calculation of the guidelines sentencing range is just the "starting point and the initial benchmark" from which sentencing courts should begin to make their sentencing determinations. Gall at 49. That is because, pursuant to United States v. Booker, courts must consider the suggested guidelines as just one of seven co-equal statutory sentencing factors enumerated in 18 U.S.C. § 3553 (a)(1)-(7). United States v. Booker, 543 U.S. 220, 259-60 (2005). Of course, those seven factors are the nature of the offense and the characteristics of the defendant, the kinds of sentences available, the guidelines, any pertinent policy statements, the need to avoid

unwarranted sentencing disparities, and any need to provide restitution.

While the Court must begin its analysis with a calculation of the advisory guidelines sentencing range, the sentencing court is then free, in light of the other statutory sentencing factors, to impose an entirely different sentence. This is because the Court, consistent with Rita, is free to disagree, based on the entirety of the § 3553 sentencing factors, with the U.S.S.G.'s "rough approximation" of the appropriate sentence in a given case. In the end, the primary directive is to determine under § 3553 (a) what sentence is sufficient in any particular case. Here, the sentence of no active incarceration is provided for as part of the guideline's calculation.

### 3. **Legal Standard for Sentencing**

Pursuant to 18 U.S.C. § 3553(a), the Court is required, in determining the appropriate sentence, to consider the "nature and circumstances of the offense and the history and characteristics of the defendant." In addition, under that same statute, the Court is directed to fashion a sentence that reflects the seriousness of the offense, promotes respect for the law and provides just punishment for the offense, and the need for restitution. That sentence should also be fashioned with consideration for the need for adequate deterrence to criminal conduct and protection of the public from further crimes by the defendant. 18 U.S.C. §§ 3553 (a)(2)(A), (B), (C) and (D).

Application of these factors to Mr. Tolson's case, given his lack of criminal history and his personal characteristics supports the conclusion that no jail time should be given as a sentence in this case. There is no doubt that Mr. Tolson recognizes the seriousness of the crime to which he entered a guilty plea and that he has accepted responsibility for his actions. As stated in the Statement of Facts, (D.E 7), Mr. Tolson, self-reported the criminal activity to the FBI because he

was worried that J.B. would give a press conference that might damage a Government official and told the FBI that he knew he had done something wrong. While plainly wrong in retrospect, Mr. Tolson's actions were not undertake for any clear personal gain. If given a sentence of probation, Mr. Tolson will be able to move forward with his life. There is no chance of recidivism. There is also no doubt that his public conviction and sentence in this case, as well as the published fact that there was a substantial forfeiture of assets made as part of the plea, will adequately serve the purpose of deterrence to criminal conduct.[1] Finally, this Court can be assured that there is no reason for the Court to act so as to protect the public from further crimes by Mr. Tolson who, again, has no prior or subsequent criminal record and will not commit another crime.

## 4. Mr. Tolson's. Personal History and Characteristics

Mr. Tolson's personal history and characteristics are fully described in the PSR and will not be restated here. Though he is the man who committed the acts described in the Statement of Facts he is also the man, who in his own words, was taught to accept responsibility for his actions and has done just that by pleading guilty, cooperating with the Government, and agreeing to forfeiture, all as part of the first steps towards earning back his good name.

## 5. The Need to Avoid Unwarranted Disparities in Sentencing

It is submitted that a probationary sentence is appropriate and would not result in any disparities with similarly situated defendants in other cases involving first time convictions of the same type of misdemeanor offenses.

---

[1] According to the PSR, the victim has not provided any statement to Mr. Pet and has not provided any declaration of loss to the Government. There is therefore no need for any restitution beyond the items that have already been forfeited.

**6.     The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law, to Provide Just Punishment, to accomplish Specific and General Deterrence, and to Provide Educational, Vocational or Correctional Treatment**

As is set forth in detail above, a straight probationary sentence is sufficient to promote respect for the law, to provide deterrence and to provide just punishment.

There is no need for any educational, vocational or correctional treatment.

**7.     Conclusion**

In closing, the most compelling reason for the Court to not impose a sentence of active incarceration is the personal integrity of Mr. Tolson.  There is no doubt that Mr. Tolson made a serious error in judgment by engaging in criminal actions for which he must be fairly sentenced. He has acknowledged that what he did was wrong and has done everything possible to accept responsibility.    Mr. Tolson has never before violated the law and there is little doubt that he will not do so again.   What Mr. Tolson respectfully requests is that the Court show mercy on him and allow him to stay at home, keep his job and begin to rebuild the life and reputation that he alone is responsible for damaging.   Finally, it is submitted that there is no factual basis for any post-sentence supervision given Mr. Tolson's history and the unusual circumstances of this case requiring no additional supervision.

Dated:  December 12, 2019                                          **MARK E. TOLSON**
                                                                                            By Counsel

By:       /s/
Edward B. MacMahon, Jr.
VSB No. 25432
Edward B. MacMahon, Jr., PLC
P.O. Box 25
107 East Washington Street
Middleburg, VA 20118
(540) 687-3902
(540) 687-6366
ebmjr@macmahon-law.com
*Counsel for Defendant Mark E. Tolson*

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

By:       /s/
Edward B. MacMahon, Jr.
Edward B. MacMahon, Jr., PLC
107 East Washington Street
P.O. Box 25
Middleburg, VA 20118
(540) 687-3902
(540) 687-6366 (facsimile)
ebmjr@macmahon-law.com
*Counsel for Defendant Mark E. Tolson*